UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MATHEW COLLETT,

                Plaintiff,

    v.

KEVIN HASON, et al.,

                Defendants.

CASE NO. 3:23-CV-6051-JCC-DWC

REPORT AND RECOMMENDATION

Noting Date: August 9, 2024

The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Presently before the Court is Defendants' Motion to Dismiss filed by Defendants Kevin Hanson, Shane Schoeneberg, and Mason County ("County Defendants") and joined by Defendants Healthcare Delivery Systems ("HDS"), Diane Houlton, and Nurse Bree ("HDS Defendants"). Dkts. 22, 42.

After consideration of the relevant record, the Court recommends the Motion to Dismiss (Dkt. 22) and the Notice of Joinder (Dkt. 42) be granted-in-part and denied-in-part as follows: Plaintiff's due process constitutional claims should proceed against Defendants Mason County, Hanson, Schoeneberg, Bree, and Houlton; Defendant HDS should be dismissed; the ADA claim

REPORT AND RECOMMENDATION - 1

should be dismissed; and HDS Defendants' request to find Plaintiff a vexatious litigant should be denied.

## I. Background

Plaintiff, a pretrial detainee who is in Mason County's custody but housed at the Monroe Correctional Complex ("MCC"), alleges his constitutional rights (both federal and state) were violated when Defendants failed to provide him with adequate medical and dental treatment. Dkt. 16. Plaintiff also states Defendants' conduct violated the Americans with Disabilities Act ("ADA"). *Id*.

The County Defendants filed the pending Motion to Dismiss on April 25, 2024. Dkt. 22. After the deadline to file a response to the Motion to Dismiss, the Court was notified Plaintiff's mail was returned as undeliverable. Dkt. 30. The Court directed Plaintiff to update his address and re-noted the Motion to Dismiss to July 26, 2024. Dkt. 33. The Court noted it would not accept further briefing on the Motion to Dismiss. *Id*.

Plaintiff notified the Court that his address was correct on June 18, 2024 (Dkt. 34) and, on July 11, 2024, filed a response to the Motion to Dismiss. Dkt. 35. The HDS Defendants filed a Notice of Joinder on July 23, 2024. Dkt. 42. In the Notice of Joinder, the HDS Defendants did not merely join the Motion to Dismiss, but also raised three separate, distinct arguments. *Id*. On July 29, 2024, Plaintiff filed a response to the Notice of Joinder. Dkt. 44.[1] As Plaintiff is in custody and proceeding *pro se* and as the HDS Defendants filed the Notice of Joinder with new arguments, the Court finds it appropriate to consider Plaintiff's late-filed response to the Motion to Dismiss and Plaintiff's response to the Notice of Joinder.

---

[1] Plaintiff filed a response to the Notice of Joinder; therefore, the Court finds it is unnecessary to re-note the Notice of Joinder to allow a response time.

REPORT AND RECOMMENDATION - 2

## II. Standard of Review

A motion to dismiss can be granted only if a plaintiff's complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level". *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 556, 570).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus, et al.*, 551 U.S. 89, 93 (2007) (internal citations omitted). However, the pleading must be more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

While the Court must accept all the allegations contained in the complaint as true, the Court does not have to accept a "legal conclusion couched as a factual allegation." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (vague and mere conclusory allegations unsupported by facts are not sufficient to state section 1983 claims); *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). While the Court is to construe a complaint liberally, such construction "may not supply essential elements of the claim that were not initially pled." *Pena*, 976 F.2d at 471.

REPORT AND RECOMMENDATION - 3

### III. Discussion

In the Motion to Dismiss, County Defendants argue (1) Plaintiff's claims for injunctive relief should be denied as moot; (2) Plaintiff failed to allege Defendants personally participated in the alleged constitutional violations; (3) Plaintiff was not entitled to the medical treatment of his choice; (4) Plaintiff failed to state an ADA claim; and (5) Defendants are entitled to qualified immunity. Dkt. 22. In the Notice of Joinder, the HDS Defendants state they join the County Defendants' Motion to Dismiss and also assert this case should be dismissed because (1) the HDS Defendants have not been properly served; (2) the HDS Defendants did not violate Plaintiff's constitutional rights; and (3) Plaintiff is a vexatious litigant. Dkt. 42.

### A. *Improper Service*

As an initial matter, the HDS Defendants assert they have not been properly served and so the claims against them must be dismissed. Dkt. 42. As Plaintiff is in custody and proceeding *pro se*, the Court has undertaken service on his behalf. On April 4, 2024, the Clerk's Office attempted to effect service pursuant to Federal Rule of Civil Procedure 4(d), but the HDS Defendants did not timely return signed waivers of service of summons. *See* Dkt. 17. On July 18, 2024, the Court directed the U.S. Marshal's Office to personally serve HDS and Nurse Bree.[2] Dkt. 39. Counsel John Versnel and Sara Shapland entered appearances on behalf of the HDS Defendants on July 22, 2024. Dkts. 40, 41. On July 25, 2024, Ms. Shapland was served with the summons and complaint on behalf of HDS and Nurse Bree. Dkt. 43. Based on the arguments in the Notice of Joinder, the Court again directed the HDS Defendants to be provided with waivers of service. *See* Dkt. 45. The HDS Defendants have until August 12, 2024 to file signed waivers

---

[2] The Court inadvertently failed to direct personal service on Diane Houlton. *See* Dkt. 39.

REPORT AND RECOMMENDATION - 4

or the Court will direct counsel to provide addresses for all the HDS Defendants so they can be personally served. *See id*.

As the Court has undertaken service for Plaintiff, the Court will not dismiss an action for failure to serve unless the Court is unable to obtain a servable address for a defendant. The Court finds it is unlikely service is not achievable in this case because the HDS Defendants are represented by counsel who have appeared in this case. Therefore, the Court recommends denying HDS Defendants' request to dismiss this case for failure to properly serve.[3]

B.  *Injunctive Relief Claims*

In the Amended Complaint, Plaintiff seeks injunctive relief. Dkt. 16. Specifically, he requests the Court order Defendants to send him to a dentist or provide him with money to see a dentist, send him to a specific treatment provider for an operation and pain medication, and provide him with a low fiber diet. *Id*. at 14-15.

Defendants contend that Plaintiff is not housed at Mason County Jail and, therefore, any claims for injunctive relief are moot. Dkts. 22, 42. "[W]hen a prisoner is moved from a prison, his action will usually become moot as to conditions at that particular facility." *Nelson v. Heiss*, 271 F.3d 891, 897 (9th Cir. 2001); *Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995) ("An inmate's release from prison while his claims are pending generally will moot any claims for injunctive relief relating to the prison's policies unless the suit has been certified as a class action."). An exception to the mootness doctrine exists if a plaintiff shows there is a "reasonable

---

[3] The HDS Defendants' argument is not well-taken. Counsel has entered an appearance in this case and has filed the Notice of Joinder. Counsel has also been served with a copy of the summons and complaint for both Defendants HDS and Nurse Bree and has again been sent waivers of service for all HDS Defendants. The Court finds HDS Defendants' and their counsel's initial decision to decline to sign waivers of service has delayed this case and resulted in additional cost in attempting personal service.

REPORT AND RECOMMENDATION - 5

1  expectation" or "demonstrated probability" he will return to the prison from which he was

2  transferred. *See Darring v. Kincheloe*, 783 F.2d 874, 876 (9th Cir. 1986).

3       Here, Plaintiff states he is a pretrial detainee and is still in Mason County's custody. Dkt.

4  16 at 14. Plaintiff contends he will be returning to the Mason County Jail for his trial in

5  September of 2024. *See id.*; *see also* Dkt. 35 at 1-2. As Plaintiff remains in Mason County's

6  custody and will be returning to Mason County Jail for his upcoming trial, the Court finds

7  Defendants have not shown the claims for injunctive relief are moot. Accordingly, the Court

8  recommends denying Defendants' motion to dismiss Plaintiff's requests for injunctive relief.

9       C.  *Failure to State a Claim*

10       Defendants next assert that Plaintiff has not stated a claim for which relief can be granted

11  because Plaintiff has not alleged Defendants personally participated in the alleged constitutional

12  violations and Plaintiff is not entitled to treatment of his choice under the Eighth Amendment.

13  Dkts. 22, 42. Defendants also allege Plaintiff has failed to state an ADA claim. Dkt. 22.

14       i.    Personal Participation

15       First, Defendants assert Plaintiff has not sufficiently alleged Defendants personally

16  participated in the alleged constitutional violations. Dkts. 22, 42. In order to state a claim for

17  relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights

18  protected by the Constitution or created by federal statute, and (2) the violation was proximately

19  caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420

20  (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional

21  right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second

22  prong, a plaintiff must allege facts showing how individually named defendants caused, or

23

24

REPORT AND RECOMMENDATION - 6

1  personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637
2  F.2d 1350, 1355 (9th Cir. 1981).
3     Initially, the Court finds that Defendants' arguments related to personal participation are
4  conclusory and fail to acknowledge the allegations provided in the Amended Complaint. *See*
5  Dkt. 22 at 6. This alone is sufficient to recommend denying the Motion to Dismiss. Regardless,
6  the Court will analyze whether Plaintiff has sufficiently alleged personal participation.
7     Defendants Hanson and Schoeneberg contend they should be dismissed from this action
8  because the Amended Complaint alleges only that they denied Plaintiff's grievances. Dkt. 22. In
9  the Amended Complaint, Plaintiff states Defendants Hanson and Schoeneberg responded to
10 Plaintiff's grievances and denied Plaintiff the medical relief requested in the grievances. Dkt. 16.
11 A defendant is liable if he or she personally reviewed and responded to a plaintiff's grievance
12 about the alleged constitutional deprivation or was aware of the plaintiff's condition and
13 alternative recommendations, but still failed to prevent further harm. *See Colwell v. Bannister*,
14 763 F.3d 1060, 1070 (9th Cir. 2014). However, "merely denying a grievance without some
15 decision-making authority or ability to resolve the underlying issue grieved is not enough to
16 establish personal participation." *Countryman v. Sherman*, 2022 WL 17406341, at *10 (W.D.
17 Wash. Oct. 21, 2022) (citations omitted).
18    The Court recognizes Plaintiff's Amended Complaint is not a picture of clarity. However,
19 Plaintiff has alleged that Defendants Hanson (also identified as "chief") and Schoeneberg (also
20 identified as "Lt") denied Plaintiff's grievances when Plaintiff was seeking assistance with his
21 medical problems. *See* Dkt. 16. Plaintiff alleges these two Defendants were aware of Plaintiff's
22 ongoing medical concerns, but failed to take action to prevent further harm to Plaintiff. Plaintiff
23 also alleges Defendant Schoeneberg was aware of Plaintiff's dental complaints, but delayed in
24

REPORT AND RECOMMENDATION - 7

issuing an order that would allow Plaintiff to receive dental treatment. *Id*. at 9. The allegations in the Amended Complaint are sufficient to show that Defendants Hanson and Schoenberg personally participated in the alleged constitutional violations. *See Jett v. Penner*, 439 F.3d 1091, 1097 (9th Cir. 2006) (denying summary judgment because a jury could find a doctor had knowledge of the prisoner's injury where the prisoner sent letters, grievances, and medical slips to the doctor).

Furthermore, Plaintiff also alleges Defendants Hanson and Schoeneberg created policies that violated Plaintiff's constitutional rights. Dkt. 16. For example, Plaintiff alleges Defendants Hanson and Schoeneberg created a policy denying a prisoner medical treatment for chronic pain. *Id*. at 6-7. He also states Defendants Hanson and Schoeneberg created a policy that denied prisoners adequate dental treatment because Mason County Jail will only provide tooth extraction when there is a dental problem. *Id*. at 9-10. While Plaintiff has not identified the policies by name or number, the Court finds these allegations are sufficient to show personal participation.

For the above stated reasons, the Court concludes Defendants have failed to show Defendants Hanson and Schoeneberg should be dismissed from this action based on a lack of personal participation.

The HDS Defendants provide a one-sentence argument regarding a lack of personal participation in the Notice of Joinder. *See* Dkt. 42 at 4. Specifically, the HDS Defendants state, "[Plaintiff] has failed to adequately state a claim for personal involvement in the deprivation of his constitutional rights." *Id*. In the Amended Complaint, Plaintiff alleges Defendants Bree and Houlton personally participated in the alleged constitutional violations. Plaintiff contends he told Defendants Bree and Houlton that his medical device for chronic pain was malfunctioning and

REPORT AND RECOMMENDATION - 8

1  he needed to see a doctor. Defendants Bree and Houlton told Plaintiff that the Mason County Jail
2  did not treat inmates for chronic pain beyond over-the-counter medications. Dkt. 16 at 6-7.
3  Additionally, Plaintiff asserts that Defendants Bree and Houlton denied him adequate treatment
4  for his teeth. Defendant Bree refused to schedule a dental appointment for Plaintiff after he
5  chipped his tooth on a rock in the food. *Id*. at 9-10. Defendant Bree allegedly notified Plaintiff
6  that the Jail policy is to "only pull teeth" and that she would not schedule a dental appointment
7  for Plaintiff until he agreed to have his tooth pulled. *Id*. Plaintiff also states that he made many
8  complaints to Defendant Houlton about his chipped tooth, yet there are no allegations she
9  assisted Plaintiff in receiving adequate dental treatment. *Id*. at 9. The Court finds the allegations
10  in the Amended Complaint are sufficient to show Defendants Bree and Houlton personally
11  participated in the alleged constitutional violations and should not be dismissed from this action.
12        The Amended Complaint is devoid of any allegations related to HSD. It appears Plaintiff
13  has named HSD because it employs Defendants Bree and Houlton. As Plaintiff has not alleged
14  any claims against HSD, the Court finds HSD should be dismissed.
15        ii.      No Eighth Amendment Claim
16        Defendants next maintain Plaintiff failed to state a claim for which relief can be granted
17  under the Eighth Amendment standard. Dkts. 22, 42. Specifically, Defendants assert Plaintiff has
18  merely alleged a difference in medical opinion, which fails to state a claim of deliberate under
19  the Eighth Amendment. The Eighth Amendment only applies to inmates who have been
20  convicted of a crime. A pretrial detainee's right to adequate medical care arises under the due
21  process clause of the Fourteenth Amendment. *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1120
22  (9th Cir. 2018). Defendants have failed to acknowledge the applicable Ninth Circuit law and
23  instead incorrectly cite to and rely on the Eighth Amendment standard. *See* Dkt. 22 at 7-8; Dkt.
24

REPORT AND RECOMMENDATION - 9

1  42 at 6-7. As the Defendants have not argued Plaintiff has failed to state a claim under the
2  applicable Fourteenth Amendment legal standard as outlined in *Gordon*, the Court recommends
3  denying Defendants' request to dismiss for failure to state a claim.
4      Regardless, the Court recognizes mere differences of opinion between a prisoner and
5  prison medical staff or between medical professionals regarding the proper course of treatment
6  does not give rise to a § 1983 claim. *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004).
7  However, this case is distinguishable from cases where prison officials provided negligent care
8  or the prisoner disagreed with the prescribed treatment plan. In the Amended Complaint,
9  Plaintiff alleges that he suffers from chronic pain and was denied prescribed treatment because of
10 a Jail policy, not because there was a disagreement in treatment. Second, he contends he was
11 denied dental treatment unless he agreed to have the damaged tooth pulled without being seen by
12 a dentist per Jail policy. Again, this is not a difference in medical opinion, but alleges a delay and
13 denial of access to dental care. Finally, Plaintiff contends that he was denied the ability to take
14 his medication in the manner prescribed by a doctor. There are no allegations that Defendants,
15 including Defendants who are not medical professionals, disagreed with the manner in which the
16 medication should be taken. Rather, the allegations are that Defendants simply refused to follow
17 the directions of the prescribing physician. Based on the allegations in the Amended Complaint,
18 Plaintiff has done more than allege a difference in medical opinion.
19     For the above stated reasons, Defendants' assertions that Plaintiff has failed to state a
20 claim under § 1983 fail.
21     iii.    ADA Claim
22     Defendants also allege Plaintiff has failed to state an ADA claim. Dkts. 22, 24. In the
23 Amended Complaint, at the beginning of each claim, Plaintiff states he is bringing the claim
24

REPORT AND RECOMMENDATION - 10

under the ADA. *See* Dkt. 16 at 5, 9, 11. "To state a claim of disability discrimination under Title II of the ADA, the plaintiff must allege four elements: (1) the plaintiff is an individual with a disability, (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities, (3) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity, and (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability." *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir.2002); *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001), *as amended on denial of reh'g* (Oct. 11, 2001); 42 U.S.C. § 12132.

While unclear, Plaintiff appears to allege his Complex Regional Pain Syndrome ("CRPS") is a disability. Dkt. 16 at 5. Regardless of whether Plaintiff has a disability, he has failed to allege facts sufficient to meet the remaining three prongs under the ADA. Plaintiff has not shown he qualified to participate in or receive the benefit of some public entity's services, programs, or activities and was excluded from the service, program, or activity because of his disability. Accordingly, the Court finds Plaintiff's ADA claims should be dismissed.

D. *Qualified Immunity*

County Defendants assert they are entitled to qualified immunity. Dkt. 22 at 8-9.[4] When defendants assert qualified immunity in a motion to dismiss under Rule 12(b)(6), "'dismissal is not appropriate unless [the Court] can determine, based on the complaint itself, that qualified immunity applies.'" *O'Brien v. Welty*, 818 F.3d 920, 936 (9th Cir. 2016) (quoting *Groten v. California*, 251 F.3d 844, 851 (9th Cir. 2001)). Although a defendant is entitled to raise qualified

---

[4] It does not appear the HDS Defendants have joined in the qualified immunity argument. *See* Dkt. 42. However, even if they had, the Court would recommend denying this argument as to all Defendants.

REPORT AND RECOMMENDATION - 11

immunity in a motion to dismiss, generally speaking, it is better addressed in the context of a motion for summary judgment. *See Wong v. United States*, 373 F.3d 952, 956-57 (9th Cir. 2004) (noting it is difficult for courts to decide qualified immunity at the motion to dismiss stage because it forces the Court to decide "far-reaching constitution questions on a nonexistent factual record," and suggesting the issue is better left for summary judgment). Thus, if the Court determines dismissal is not appropriate, the Court may deny a qualified immunity defense without prejudice and allow a defendant to re-raise the defense after further factual development at summary judgment or trial. *See Morley v. Walker*, 175 F.3d 756, 761 (9th Cir. 1999).

As the Court finds dismissal of Defendants Hanson and Schoeneberg is not appropriate the Court recommends denying the County Defendants' qualified immunity defense without prejudice and allowing the County Defendants to re-raise it after further development of the record. The Court notes, however, that Plaintiff has a Fourteenth Amendment right to receive adequate medical and dental care. Thus, based on the current record before the Court, the County Defendants' qualified immunity argument would fail. Accordingly, the Court recommends denying the County Defendants' request to dismiss this case under a theory of qualified immunity.

E. *Vexatious Litigant*

The HDS Defendants request this Court dismiss this action and make a finding that Plaintiff is a vexatious litigant and enter a pre-filing order. Dkt. 42 at 7-10. A pre-filing order is an extreme remedy that should be used rarely because the sanction can tread on a litigant's due process right of access to the courts. *Molski, v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). The Court has reviewed the relevant cases and finds Plaintiff is currently litigating this case and one additional case. *See Collett v. Mason County, et al.*, 3:23-cv-5654-

1   TMC-DWC (W.D. Wash.). Both cases have survived this Court's initial screening. While

2   Plaintiff is active in his cases, his activities do not rise to the level of a vexatious litigant. The

3   Court recommends the HDS Defendants' request that Plaintiff be deemed a vexatious litigant

4   and have a pre-filing order entered against him be denied.

5         F.   *Defendant Mason County*

6         Plaintiff named Mason County as a Defendant. Dkt. 16. The County Defendants do not

7   provide any argument specific to Mason County's liability in this case. *See* Dkt. 22. For

8   example, the County Defendants do not assert Mason County is not liable under *Monell v. Dep't*

9   *of Social Servs. of City of New York*, 436 U.S. 658, 691–94 (1978). As the County Defendants

10  have not argued nor shown that Mason County should be dismissed, the Court finds Mason

11  County should remain in this case.

12    **IV.**    **Conclusion**

13        Based on the foregoing, the Court concludes Plaintiff has sufficiently alleged his

14  constitutional rights were violated by Defendants Hanson, Schoeneberg, Bree, and Houlton. The

15  County Defendants have also failed to show Mason County should be dismissed. Plaintiff,

16  however, has failed to state an ADA claim and has failed to state a claim against HDS.

17        Therefore, the Court recommends the Motion to Dismiss (Dkt. 22) and the Notice of

18  Joinder (Dkt. 42) be granted-in-part and denied-in-part as follows: Plaintiff's due process

19  constitutional claims should proceed against Defendants Mason County, Hanson, Schoeneberg,

20  Bree, and Houlton; Defendant Healthcare Delivery Systems should be dismissed; the ADA claim

21  should be dismissed; and HDS Defendants' request to find Plaintiff a vexatious litigant should be

22  denied.

23

24

REPORT AND RECOMMENDATION - 13

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on August 30, 2024, as noted in the caption.

Dated this 9th day of August, 2024.

David W. Christel
United States Magistrate Judge

REPORT AND RECOMMENDATION - 14