UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MATHEW COLLETT,

                Plaintiff,

    v.

KEVIN HASON, et al.,

                Defendants.

CASE NO. 3:23-CV-6051-TMC-DWC

REPORT AND RECOMMENDATION

Noting Date: November 5, 2024

The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Presently before the Court is Plaintiff Mathew Collett's "Motion for Partial Summary Judgment." Dkt. 54. In the Motion, Plaintiff seeks summary judgment as to liability and injunctive relief. *Id*. After review of the Motion, the Court concludes Plaintiff has not shown summary judgment or injunctive relief is appropriate. Therefore, the Court recommends the Motion (Dkt. 54) be denied.

**I.**  **Background**

Plaintiff, a pretrial detainee who is in Mason County's custody but housed at the Monroe Correctional Complex ("MCC"), alleges his constitutional rights (both federal and state) were

REPORT AND RECOMMENDATION - 1

violated when Defendants failed to provide him with adequate medical and dental treatment. Dkt. 16. Plaintiff also states Defendants' conduct violated the Americans with Disabilities Act. *Id*.

In his Motion, Plaintiff alleges there is no question of fact regarding Defendants' liability. Dkt. 54. He also requests injunctive relief. *Id*. Defendants filed responses to the Motion (Dkts. 60, 62), but Plaintiff did not file a reply.

**II.     Discussion**

A party moving for summary judgment must demonstrate the facts to the Court with admissible evidence and articulate why he is entitled to judgment as a matter of law. Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is "no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether an issue of fact exists, the Court must view all evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986); *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). A genuine issue of material fact exists where there is sufficient evidence for a reasonable factfinder to find for the nonmoving party. *Anderson*, 477 U.S. at 248. The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. at 251–52.

The moving party bears the initial burden of showing there is no evidence which supports an element essential to the nonmovant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the movant has met this burden, the nonmoving party then must show that there is a genuine issue for trial. *Anderson*, 477 U.S. at 250. If the nonmoving party fails to establish the

existence of a genuine issue of material fact, "the moving party is entitled to judgment as a matter of law." *Celotex*, 477 U.S. at 323–24. There is no requirement that the moving party negate elements of the non-movant's case. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 885 (1990). Once the moving party has met its burden, the non-movant must then produce concrete evidence, without merely relying on allegations in the pleadings, that there remain genuine factual issues. *Anderson*, 477 U.S. at 248.

There is no admissible evidence in the record on which the Court could determine that Plaintiff is entitled to judgment as a matter of law on any of his claims – liability or injunctive relief. *See* Dkt. 54. While Plaintiff provides his view of the facts of this case, he does not provide any admissible evidence. A proper summary judgment motion requires admissible evidence and law-fact analysis demonstrating the moving party's entitlement to judgment; he has to prove his case. Plaintiff has not shown he is entitled to partial summary judgment.

The Court notes that, to the extent Plaintiff is seeking a preliminary injunction, the Motion also fails. Under the Prison Litigation Reform Act ("PLRA"),

> The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of a Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C. § 3626(a)(1)(A).

The purpose of preliminary injunctive relief is to preserve the status quo or prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984). "A plaintiff seeking a preliminary injunction must establish" (1) "he is likely to succeed on the merits," (2) "he is likely to suffer irreparable harm in the absence of preliminary relief," (3) "the balance of equities tips in his favor," and (4)

REPORT AND RECOMMENDATION - 3

"an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, (2008). The Ninth Circuit also allows for the "serious questions" variation of the test, where "a preliminary injunction is proper if there are serious questions going to the merits; there is a likelihood of irreparable injury to the plaintiff; the balance of hardships tips sharply in favor of the plaintiff; and the injunction is in the public interest." *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012).

Here, Plaintiff has not provided sufficient evidence to show he is likely to succeed on the merits of this case. Plaintiff complains of inadequate dental care and has provided one medical record. *See* Dkt. 54. This limited evidence is not sufficient to show that he is likely to succeed on the merits or suffer irreparable harm if an injunction is not issued. He further fails to show an injunction is in the public interest. For these reasons, Plaintiff has not shown injunctive relief is appropriate at this time.

### III.    Conclusion

Based on the record before the Court, Plaintiff has failed to put forth evidence showing he is entitled to partial summary judgment or injunctive relief at this time. The Court notes that discovery has not yet taken place and that dispositive motions may be more appropriate after the parties have conducted discovery. Accordingly, the Court recommends Plaintiff's Motion (Dkt. 54) be denied.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may

REPORT AND RECOMMENDATION - 4

be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **November 5, 2024**.

Dated this 15th day of October, 2024.

_David W. Christel_
David W. Christel
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5